UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
******************************************
                                   *
JESSE KIRBY,                       *
          Plaintiff                *
                                   *
v.                                 *
                                   *
RANDALL PETIT, KATE PETIT,         *
and AVIVAH DE LA BRUERE,           *
          Defendants               *
                                   *
******************************************        C. A. No.  24-cv-12015-AK
                                   *
AVIVAH DE LA BRUERE,               *
          Plaintiff                *
                                   *                JURY TRIAL DEMANDED
v.                                 *
                                   *
JESSE KIRBY and                    *
J. MICHAEL DOYLE,                  *
          Defendants               *
                                   *
******************************************
```

## PLAINTIFF AVIVAH DE LA BRUERE'S
## COMPILED COMPLAINT AND COUNTERCLAIM

## INTRODUCTION

With this action, Avivah De La Bruere breaks the silence and seeks justice against

Jesse Kirby for years of sexual abuse, exploitation, and an ongoing scheme to cover it up.

When Avivah was 16 years old and Kirby a 30-year-old married father from the same tight-

knit religious community, Kirby weaponized his authority as a male elder to groom and then

repeatedly sexually assault her over several years. As Avivah got older, Kirby's predatory

behavior included the use of "date rape" drugs and other illegal substances. When Avivah

recently dared to break her silence, and bring just claims against Kirby, Kirby deployed

Defendant J. Michael Doyle to threaten and intimidate her in a cover up scheme that is not only immoral, but illegal. Defendant Kirby's actions have inflicted severe, lasting emotional, psychological, and economic damage on Avivah. This complaint demands accountability for his reprehensible conduct, and seeks fair compensation for her suffering.

### JURISDICTION

1.  Plaintiff Avivah De La Bruere is currently 30 years old and a citizen of Connecticut.

2.  Defendant Jesse Kirby is currently 44 years old and a citizen of Massachusetts.

3.  Defendant J. Michael Doyle is a citizen of Massachusetts.

4.  Jurisdiction in this Court is proper because the parties are diverse and the amount in controversy is more than $75,000, excluding interest and costs.

### FACTS COMMON TO ALL COUNTS

5.  Plaintiff and Defendant Kirby first became acquainted when Plaintiff was a young child, as both were members of a religious group known as The Twelve Tribes.

6.  Plaintiff's family left the Twelve Tribes when Plaintiff was approximately 13 years old.

7.  In or around late 2009 or early 2010, when Plaintiff was 16 years old, Defendant Kirby began to take an inappropriate sexual interest in her.

8.  At this time, Defendant Kirby was approximately 31 years old, married, and had two young children.

9.  Defendant Kirby began contacting Plaintiff through Facebook messages, making comments about her appearance, and calling her "sexy" and "hot."

10. Plaintiff had grown up in an isolated religious environment, lacked a stable father figure, and in her vulnerable state was flattered by the attention from Defendant

Kirby.

11.    Defendant Kirby exploited Plaintiff's vulnerability and lack of life experience to manipulate her emotions and groom her for sexual abuse.

12.    Defendant Kirby was aware that Plaintiff's family was struggling financially after leaving the Twelve Tribes, and he used this knowledge to further manipulate and exploit Plaintiff.

13.    In early 2010, when Plaintiff was 16 years old, Defendant Kirby arranged to meet Plaintiff at a hotel where she was staying with her family in Connecticut. Kirby orchestrated the meeting by offering Plaintiff's parents work that required them to go on the road.

14.    During this encounter, Defendant Kirby instructed Plaintiff to meet him in the men's bathroom of the hotel.

15.    Growing up in the Twelve Tribes, Plaintiff and other children were conditioned from a young age to submit to sexual touching by male elders in the group. While this touching did not include penetration, the children were expected to allow the men to grope and fondle them without complaint. This dynamic instilled a sense of obedience to male authority figures that Defendant Kirby later exploited.

16.    In the bathroom stall, Defendant Kirby exposed himself to the 16-year-old Plaintiff and, using his position of authority as an elder in their former religious group and as her father's employer, compelled Plaintiff to perform oral sex on him.

17.    Later that same day, Defendant Kirby manipulated the situation to ensure Plaintiff's parents would be working late, allowing him to meet with Plaintiff again.

18.    Defendant Kirby picked up Plaintiff in his car, where they used cocaine or marijuana

together, further implicating Plaintiff's ability to consent.

19.     Defendant Kirby then engaged in sexual activity with Plaintiff in his car, using force and his position of authority to compel her participation, until Plaintiff saw her parents returning and had to quickly leave.

20.     Plaintiff's mother saw Defendant Kirby's car at the hotel and observed it pulling away, but did not confront Plaintiff about it at the time.

21.     In or around February or March of 2010, shortly before Plaintiff's 17th birthday, Defendant Kirby arranged to meet Plaintiff in person again.

22.     Defendant Kirby picked Plaintiff up in his car and drove to a secluded area in Canaan, Connecticut.

23.     In the car, Defendant Kirby began kissing Plaintiff and then performed oral sex on her without her consent.

24.     Defendant Kirby then sexually assaulted Plaintiff, causing her to bleed. This rape was Plaintiff's first experience of sexual intercourse.

25.     When Plaintiff's father came looking for her, Defendant Kirby hid with Plaintiff in the car to avoid detection.

26.     After sexually assaulting Plaintiff, Defendant Kirby brought her Plan B emergency contraception, which he left in her family's garage.

27.     In the days and weeks that followed, Defendant Kirby continued to contact Plaintiff through Facebook messages, further manipulating her emotions and normalizing the sexual abuse.

28.     Over the period from approximately 2016 through 2022, Defendant Kirby repeatedly arranged to meet Plaintiff for sexual encounters at multiple locations across several

states, including (a) the Trump Hotel in New York City, New York (in 2016, when Plaintiff was 23); (b) the Standard Hotel in New York City, New York (in June 2016, when Plaintiff was 23); (c) the W Hotel in Boston, Massachusetts (in May 2016, when Plaintiff was 23, and in February 2017, when Plaintiff was 23-24); (d) a hotel in Philadelphia, Pennsylvania (in June 2016, when Plaintiff was 23); (e) a hotel in New Paltz in the Catskills region of New York (in July 2016, when Plaintiff was 23); (f) Plymouth, Massachusetts (in August 2017, when Plaintiff was 24);  (g) Duxbury, Massachusetts (in July 2022, when Plaintiff was 29), and (h) Hartford, Connecticut (in July, 2022, when Plaintiff was 29).

29.  During these encounters, Defendant Kirby provided Plaintiff with illegal drugs and alcohol, including MDMA (Ecstasy), cocaine, and oxycodone, rendering her mentally incapacitated and unable to consent to sexual intercourse. These drugs were administered to Plaintiff by Defendant Kirby in New York, Massachusetts, Connecticut, and Pennsylvania as detailed herein.

30.  On multiple occasions between 2016 and 2022, when Plaintiff was between 23 and 29 years old, Defendant Kirby gave Plaintiff gamma-hydroxybutyrate (GHB), commonly known as a "date rape drug," without her knowledge or without fully informing her of what she was consuming, causing her to black out and become so mentally incapacitated that she could not consent to sexual intercourse. Defendant Kirby then sexually assaulted Plaintiff while she was incapacitated. Specific instances where Defendant Kirby administered GHB to Plaintiff include, but are not necessarily limited to the following incidents, given the potential effects of the drug on the Plaintiff's memory:

a.    On or about May 19, 2016, when Plaintiff was 23 years old, at the W Hotel in Boston, Massachusetts, where Defendant Kirby told Plaintiff he was giving her MDMA but she believes it was mixed with GHB;

b.    On or about June 16, 2016, when Plaintiff was 23 years old, at the Standard Hotel in New York City, New York, where Defendant Kirby made cocktails for Plaintiff that contained GHB without her knowledge;

c.    On or about August 16, 2017, when Plaintiff was 24 years old, in Plymouth, Massachusetts, on Defendant Kirby's boat, where he administered drugs that he identified as MDMA to Plaintiff;

d.    On or about July 8, 2022, when Plaintiff was 29 years old, in Duxbury, Massachusetts, on Defendant Kirby's boat, where he made cocktails containing GHB for Plaintiff while her two-year-old daughter was present; and

e.    On or about July 24, 2022, when Plaintiff was 29 years old, in Hartford, Connecticut, at a Phish concert and later at a hotel, where Defendant Kirby gave Plaintiff water containing GHB without informing her of its presence until after she had consumed a significant amount.

31.    In each of the instances described in Paragraph 30, after administering GHB or other intoxicating substances to Plaintiff, Defendant Kirby sexually assaulted her while she was incapacitated and unable to consent, violating the laws of the respective states where these assaults occurred.

32.    Defendant Kirby exploited Plaintiff's drug use and emotional dependency on him to continue the pattern of sexual abuse that began when Plaintiff was a minor.

33.    Defendant Kirby's abuse and exploitation of Plaintiff continued through

approximately 2016 or 2017, when Plaintiff was in her early twenties.

34.     Throughout this period, Defendant Kirby was married with children and significantly older than Plaintiff.

35.     In addition to the sexual abuse described above, Defendant Kirby engaged in extensive inappropriate electronic communications with Plaintiff when she was a minor. Facebook messages between Kirby and Plaintiff, attached hereto as Exhibit A and incorporated by reference, document Kirby's manipulative and predatory behavior. In these messages, Kirby repeatedly refers to his sexual desire for Plaintiff, describes sexual acts, and attempts to arrange secret meetings, all while Plaintiff was underage.

36.     Plaintiff has preserved these Facebook messages and provided them to her sister as evidence of Defendant Kirby's wrongful conduct.

37.     Throughout this period, Defendant Kirby was married with children and significantly older than Plaintiff.

38.     Defendant Kirby used his age, experience, and position of authority to manipulate Plaintiff and prevent her from recognizing the abusive nature of their interactions.

39.     In or around June 2023, when Plaintiff began considering coming forward about the abuse, Defendant Kirby enlisted the help of Defendant Michael Doyle to intimidate and threaten Plaintiff.

40.     On or about June 17, 2023, Defendant Doyle came to Plaintiff's residence, claiming to be there on behalf of Defendant Kirby.

41.     Defendant Doyle told Plaintiff that he and Defendant Kirby had been surveilling her for over a month.

42.    Defendant Doyle threatened Plaintiff, stating that if she did not remain silent about Defendant Kirby's abuse, she would be sent to federal prison and her children would be taken away.

43.    Defendant Doyle's actions were undertaken as an agent of Defendant Kirby, with the intent to prevent Plaintiff from disclosing Defendant Kirby's abusive conduct.

44.    As a result of Defendants' actions, Plaintiff has suffered severe emotional distress, psychological trauma, difficulty maintaining relationships, substance abuse issues, and economic losses.

45.    Plaintiff did not discover the true nature and extent of her injuries, nor did she fully comprehend the causative relationship between Defendant Kirby's predatory conduct and her psychological harm, until approximately July 2022. It was only after the July 8, 2022 incident in Duxbury, Massachusetts, when Defendant Kirby endangered Plaintiff's two-year-old daughter by administering drugs to Plaintiff on a boat while her child was present, and subsequently knocked over her daughter without showing concern or apologizing, that Plaintiff began to recognize the abusive nature of their relationship. This realization—that Defendant Kirby posed a danger not only to her but also to her child—triggered Plaintiff's understanding that what she had experienced was not a consensual relationship but a pattern of exploitation and abuse. Prior to this realization, Plaintiff's ability to recognize her injuries was obscured by Defendant Kirby's psychological manipulation, her drug dependency which Defendant fostered and encouraged, and the trauma bonding that occurred as a result of the abuse beginning when she was a minor. This discovery of her injuries occurred within two years prior to the filing of this action,

and therefore Plaintiff's claims fall within the applicable statutes of limitations under the discovery rule.

46.    Plaintiff continues to suffer from the lasting effects of Defendants' abuse and intimidation and will require ongoing therapy and treatment.

## COUNT I: SEXUAL ASSAULT
### Against Jesse Kirby

47.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

48.    Defendant Kirby committed sexual assault when he compelled Plaintiff, who was 16 years old at the time, to engage in sexual intercourse.

49.    As a direct and proximate result of Defendant Kirby's actions, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, and economic losses.

50.    WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT II: SEXUAL ASSAULT
### Against Jesse Kirby

51.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52.    On multiple occasions between 2011 and 2013, when Plaintiff was 18 to 20 years old, Defendant Kirby committed sexual assault when he engaged in sexual intercourse with Plaintiff while she was mentally incapacitated due to the influence of GHB and other drugs he had provided to her, rendering her unable to consent to

such sexual intercourse.

53.    As a direct and proximate result of Defendant Kirby's actions, Plaintiff has suffered and continues to suffer severe emotional distress, psychological trauma, and economic losses.

54.    WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT III: ASSAULT AND BATTERY
## Against Jesse Kirby

55.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56.    Defendant Kirby intentionally engaged in harmful and offensive touching of Plaintiff's person without her consent.

57.    Defendant Kirby's conduct placed Plaintiff in imminent apprehension of harmful contact.

58.    Defendant Kirby's assault and battery of Plaintiff included, but was not limited to, sexual assault and other nonconsensual sexual acts.

59.    As a direct and proximate result of Defendant Kirby's assaults and batteries, Plaintiff suffered physical and emotional injuries.

60.    WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## Against Jesse Kirby

61. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

62. Defendant Kirby's conduct in sexually abusing Plaintiff as a minor, providing her with illegal drugs and alcohol, and manipulating her emotions over a period of years was extreme and outrageous.

63. Defendant Kirby intended to cause Plaintiff emotional distress or knew or should have known that emotional distress was the likely result of his conduct.

64. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

65. Defendant's conduct was the cause of Plaintiff's emotional distress.

66. WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Both Defendants

67. The paragraphs above are incorporated here as if fully restated herein.

68. Defendant Doyle's conduct in threatening and intimidating Plaintiff on behalf of Defendant Kirby was extreme and outrageous.

69. Defendant Doyle intended to cause Plaintiff emotional distress or knew or should have known that emotional distress was the likely result of his conduct.

70. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress.

71. Defendants' conduct was the cause of Plaintiff's emotional distress.

72. Both defendants are liable jointly and severally for this intentional infliction of emotional distress because Doyle's conduct was done at Defendant Kirby's direction.

73. WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Against Jesse Kirby

74. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

75. Defendant Kirby's conduct in engaging in a sexual relationship with Plaintiff, a minor, created an unreasonable risk of causing her emotional distress.

76. Plaintiff's distress was foreseeable.

77. The emotional distress was severe enough that it might result in illness or bodily harm.

78. Defendant Kirby's conduct was the cause of Plaintiff's emotional distress.

79. WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT VII: NEGLIGENCE PER SE - SEXUAL ASSAULT
### Against Jesse Kirby

80. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

81. Defendant Kirby violated the criminal laws regarding sexual assault.

82.   Plaintiff was within the class of persons intended to be protected by these statutes.

83.   The injuries suffered by Plaintiff as a result of Defendant Kirby's conduct are of the type the statute was intended to prevent.

84.   Defendant Kirby's violation of these statutes constitutes negligence per se.

85.   As a direct and proximate result of Defendant Kirby's statutory violations, Plaintiff has suffered damages.

86.   WHEREFORE, Plaintiff demands judgment against Defendant Kirby for compensatory damages, costs, interest, and such other relief as the Court deems just and proper.

### COUNT VIII: CIVIL CONSPIRACY
### Against Both Defendants

87.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

88.   Defendants Kirby and Doyle entered into an agreement to intimidate and threaten Plaintiff to prevent her from disclosing Defendant Kirby's abusive conduct.

89.   Defendants took overt acts in furtherance of their conspiracy, including but not limited to Defendant Doyle's visit to Plaintiff's residence and his threats against her.

90.   As a direct and proximate result of Defendants' conspiracy, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

91.   WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT IX: AIDING AND ABETTING
### Against Both Defendants

92.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

93.    Defendant Doyle knew that Defendant Kirby's conduct constituted a breach of duty to Plaintiff.

94.    Defendant Doyle gave substantial assistance to Defendant Kirby by threatening and intimidating Plaintiff on Kirby's behalf.

95.    Defendant Doyle's assistance was a substantial factor in causing harm to Plaintiff.

96.    Defendant Doyle's actions were undertaken as an agent of Defendant Kirby. Accordingly, both defendants are liable.

97.    WHEREFORE, Plaintiff demands judgment against Defendant Doyle for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT X: OBSTRUCTION OF JUSTICE
### Against Both Defendants

98.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

99.    Defendants Kirby and Doyle willfully endeavored to influence, obstruct, and impede the due administration of justice by threatening and intimidating Plaintiff to prevent her from reporting Defendant Kirby's criminal conduct to law enforcement authorities.

100.    Defendants' actions were intended to prevent the communication of information relating to the commission of a criminal offense to a law enforcement officer.

14

101.   Defendant Doyle's actions were undertaken as Defendant Kirby's agent.

102.   As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

103.   WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT XI: INTIMIDATION OF A WITNESS
### Against Both Defendants

104.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

105.   Defendants Kirby and Doyle, believing that an official proceeding was pending or about to be instituted, attempted to induce Plaintiff to withhold testimony and information from law enforcement authorities through the use of threats and intimidation.

106.   Defendants' actions were intended to influence, delay, and prevent the testimony of Plaintiff in an official proceeding.

107.   Defendant Doyle's actions were undertaken as an agent of Defendant Kirby.

108.   As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

109.   WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## COUNT XII: INVASION OF PRIVACY
### Against Both Defendants

110.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

111.   Defendants Kirby and Doyle intentionally intruded upon the solitude and seclusion of Plaintiff by conducting surveillance on her for over a month without her knowledge or consent.

112.   This intrusion would be highly offensive to a reasonable person.

113.   As a direct and proximate result of Defendants' actions, Plaintiff suffered damages, including severe emotional distress and psychological trauma.

114.   Defendant Doyle's actions were undertaken as an agent for Defendant Kirby.

115.   WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT XIII: NEGLIGENCE PER SE - THREATENING**
**(Conn. Gen. Stat. §§ 53a-61aa and 53a-62)**
**Against Both Defendants**

116.   Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

117.   Connecticut General Statutes § 53a-61aa (Threatening in the first degree) prohibits, inter alia, threatening to commit any crime of violence with the intent to cause serious public inconvenience or in reckless disregard of the risk of causing such inconvenience.

118.   Connecticut General Statutes § 53a-62 (Threatening in the second degree) prohibits, inter alia, intentionally placing or attempting to place another person in fear of imminent serious physical injury by physical threat, or threatening to commit

any crime of violence with the intent to terrorize another person.

119. Defendants Kirby and Doyle violated these statutes when they threatened Plaintiff, stating that if she did not remain silent about Defendant Kirby's abuse, she would be sent to federal prison and her children would be taken away.

120. Specifically, Defendants' actions constitute a violation of: a. Conn. Gen. Stat. § 53a-61aa(a)(2)(A) and (B), as they threatened to commit crimes of violence (false imprisonment and kidnapping) with the intent to cause serious public inconvenience and in reckless disregard of the risk of causing such inconvenience; and b. Conn. Gen. Stat. § 53a-62(a)(1) and (2), as they intentionally attempted to place Plaintiff in fear of imminent serious physical injury by physical threat and threatened to commit crimes of violence with the intent to terrorize Plaintiff.

121. Plaintiff was within the class of persons intended to be protected by these statutes.

122. The injuries suffered by Plaintiff as a result of Defendants' conduct are of the type the statutes were intended to prevent.

123. Defendants' violations of these statutes constitute negligence per se.

124. Both defendants are liable because Defendant Doyle's actions were undertaken as an agent of Defendant Kirby.

125. As a direct and proximate result of Defendants' statutory violations, Plaintiff has suffered damages, including severe emotional distress, psychological trauma, and economic losses.

126. WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

**COUNT XIV: CIVIL RIGHTS**
**(Mass. G.L. c. 12, §§11H & 11I)**
**Against Both Defendants**

127.  Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Complaint.

128.  Defendants Kirby and Doyle interfered with Plaintiff Avivah's rights under the constitution and laws of the United States, and under the constitution and laws of the Commonwealth of Massachusetts by threats, intimidation and coercion.

129.  Defendants Kirby and Doyle's conduct deprived Plaintiff Avivah of her constitutional rights to bodily integrity, and to be free from sexual harassment which constitutes discrimination, based upon her gender, under both Article 1 of the Declaration of Rights, and the Equal Protection clause of the Fourteenth Amendment to the United States Constitution. Defendants Kirby and Doyle are liable to the plaintiff in accordance with G.L. c. 12, §§11H & 11I.

130.  Plaintiff Avivah suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM

1.  Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Compiled Complaint and Counterclaim.

2.  Defendant Kirby brought this action either in order to extort money from the plaintiff,

to which he is not entitled, or to improperly coerce her to recant her truthful testimony which accuse him of rape of a minor child, or both.

3.     Defendant Kirby's claims are wholly insubstantial, frivolous and are not advanced in good faith.

4.     Defendant Kirby, by his negligent, reckless and/or intentional acts, has inflicted severe emotional distress upon the plaintiff.

5.     Plaintiff suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## SECOND COUNTERCLAIM

6.     Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Compiled Complaint and Counterclaim.

7.     Defendant Kirby brought claims against the plaintiff which are wholly insubstantial, frivolous and which were not advanced in good faith, in violation of G.L. c. 231, §6F.

8.     Plaintiff suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## THIRD COUNTERCLAIM

9.     Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Compiled Complaint and Counterclaim.

10.    Defendant Kirby falsely, maliciously and without probable cause brought suit against the plaintiff, knowing that the plaintiff owed him nothing, for the intent and purpose of harassing the plaintiff, and to accomplish unlawful and ulterior purposes for which the process was not intended, namely, to extort money from the plaintiff, to punish the plaintiff for testifying against Defendant Kirby in a civil suit for raping the plaintiff, and to force the plaintiff to recant her truthful testimony in said suit, by which abuse of process the plaintiff has been greatly damaged.

11.    Plaintiff suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## FOURTH COUNTERCLAIM

12.    Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Compiled Complaint and Counterclaim.

13.    Defendant Kirby falsely, maliciously and without probable cause brought suit against the plaintiff, knowing that the plaintiff owed him nothing, for the intent and purpose of harassing the plaintiff, and to accomplish unlawful and ulterior purposes for which the process was not intended, namely, to extort money from the plaintiff, to punish the plaintiff for testifying against Defendant Kirby in a civil suit for raping the plaintiff, and to force the plaintiff to recant her truthful testimony in said suit, by which malicious prosecution of said civil action the plaintiff has been greatly damaged.

14.    Plaintiff suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future

expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## FIFTH COUNTERCLAIM

15.  Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Compiled Complaint and Counterclaim.

16.  Defendant Kirby has, by his acts, unreasonably, substantially and seriously interfered with the privacy of the plaintiff, in violation of G.L. c. 214, §1B, and as a result the defendant is entitled to damages and injunctive relief.

17.  Plaintiff suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## SIXTH COUNTERCLAIM

18.  Plaintiff realleges and incorporates herein the allegations contained in each and every other paragraph of this Compiled Complaint and Counterclaim.

19.  Defendant Kirby has published defamatory statements about the plaintiff, accusing her of criminal conduct.

20.  Defendant Kirby's are materially false statement of facts, both because he knows the statements to be false, and he knows that plaintiff's truthful statements and her acts are constitutionally protected speech under the Massachusetts and U.S. Constitution.

21.  Defendant Kirby acted with negligence, recklessness and/or actual malice, in that

he was motivated to prevent the plaintiff from accusing him of raping her when she was a minor.

22.    The plaintiff has suffered damage as a result of the defamatory publication.

23.    Plaintiff suffered bodily harm, humiliation, severe emotional distress, and permanent psychological damages.  She has incurred expenses and will likely incur future expenses for medical and psychological treatment, and has suffered loss of earning capacity.

## DEMANDS FOR RELIEF

Wherefore Plaintiff prays this Honorable Court to grant to the Plaintiff the following relief:

A.    Judgment against Defendants Kirby and Doyle on each of the CLAIMS stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest, costs, and attorney's fees.

B.    Judgment against Defendants Kirby and Doyle on each of the Counterclaims stated, in an amount which is fair, just and adequate for the injuries and damages sustained, and the pain and suffering endured, plus interest, costs and attorney's fees.

C.    Such other and further relief as the Plaintiff is entitled to in law or equity.

## DEMAND FOR JURY TRIAL

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND COUNTERCLAIMS**

By her Attorneys,

*/s/ Carmen L. Durso*
CARMEN L. DURSO, ESQUIRE
BBO # 139340
Law Office of Carmen L. Durso
276 Union Avenue
Framingham, MA 01702
617-728-9123  / *carmen@dursolaw.com*


*/s/ Alexander T. Taubes*
ALEXANDER T. TAUBES, ESQUIRE
PRO HOC VICE
470 James Street, Suite 007
New Haven, CT 06513
(203) 909-0048
 *alextt@gmail.com*

March 19, 2025


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party, in accordance with the Court's ECF Administrative Procedures, on March 19, 2025.

*/s/ Carmen L. Durso*
CARMEN L. DURSO