UNITED STATES DISTRICT COURT
for the
District of Massachusetts - Boston

*******************************
JESSE KIRBY,
     Plaintiff,

                           1:2024CV12015

     V.

RANDALL PETIT, KATE WISEMAN,
and AVIVAH DELABRUERE,
     Defendants

*******************************
AVIVAH DE LA BRUERE,
     Plaintiff

     V.                         3:24CV01570 VDO
                                  (consolidated)

JESSE KIRBY and
J. MICHAEL DOYLE,
Defendants
***********************************

**PLAINTIFF JESSE KIRBY'S ANSWER AND AFFIRMATIVE DEFENSES TO
AVIVAH DELABRUERE'S COMPILED COMPLAINT AND COUNTERCLAIM**

**I.    <u>Introduction</u>**

    This response addresses the document titled <u>Compiled Complaint and Counterclaim</u> filed

by Avivah Delabruere and it requires a unique structure. Because Jesse Kirby has not yet answered

the Connecticut Complaint, he has not yet asserted counterclaims in that case. The counterclaims

filed in the Massachusetts case, however, require a response as they constitute a separate set of

original claims. [1]

---

[1] Counsel for Mr. Kirby is mindful this Court stated it would look favorably on dismissing the Connecticut case without prejudice.

The <u>Compiled Complaint and Counterclaim</u> include sections labeled "Introduction," "Jurisdiction," and "Facts Common to All Claims," which appear to relate to both the to the amended Connecticut complaint claims and then to the Massachusetts amended counterclaims. For clarity, this Answer addresses those sections jointly before designating which sections of this response apply to the Massachusetts case and which sections address the Connecticut case, which has a separate caption. Mr. Kirby reserves the right to supplement this response after co-defendant J. Michael Doyle files his own answer.

For ease of reference, this pleading refers to parties by name rather than using the terms "plaintiff" and "defendant."

## II.      General Objections and Reservation of Rights to the Compiled Complaint and Counterclaim.  (both cases)

Mr. Kirby reserves the right to petition this Court to strike the surplusage and inflammatory comments in <u>Avivah Delabruere's Compiled Complaint and Counterclaim</u> as more fully set forth below.

Mr. Kirby also objects to so much of <u>Avivah Delabruere's Compiled Complaint and Counterclaim</u> that suggests that Mr. Kirby's Verified Complaint acknowledged Avivah Delabruere had a valid sexual assault claim or that she made such a claim when she issued her extortionate threats. She did not.

## III.      Response to Introduction of Compiled Complaint and Counterclaim (both cases)

The Introduction is improper, inflammatory, and prejudicial. It is designed to mislead the Court and the public and to harm Mr. Kirby's reputation. It includes false and unsubstantiated statements intended to provoke an emotional response. Each sentence is specifically denied:

• The first sentence contradicts the evidence, and it attempts to falsely imply tolling of the statue of limitations. Jesse Kirby objects to and denies this claim.

• The second sentence portrays Mr. Kirby in a false light and is unsupported. Jesse Kirby objects to and denies this claim.

• The third sentence is false and submitted to provoke a negative emotional response. Its inflammatory content represents the continuation and evolution of the very extortionate threats made by Avivah DeLabruere and Kate Wiseman and Randall Petit that if Jesse Kirby did not pay Three Hundred Thousand ($300,000.00) Dollar and obey their demands, they would destroy him. Jesse Kirby objects to and denies this claim.

• The fourth sentence fabricates facts in an attempt to defend against Avivah DeLabruere's unlawful extortion of Mr. Kirby. Jesse Kirby objects to and denies this claim.

Jesse Kirby objects to and denies the remaining sentences of the Defendant Avivah DeLabruere's "Introduction".

### IV.  Jurisdiction (both cases)

1. Upon information and belief, Kirby admits to paragraph number one as to Delabruere's age only.   The remainder of paragraph number one is denied insofar as it attempts to establish out-of-state residency during the extortions and threats.[2]

2. Paragraph number two is admitted.

3. Upon information and belief paragraph number three is admitted.

4. Paragraph number four is the subject of an order of this Court and does not require a response.

### V.  Answer and Response to Facts Common to all Counts. (both cases)

---

[2] The defendant has submitted an image of her Connecticut operator's license with a Connecticut address that appears to be a Connecticut liquor store.

3

5.  Paragraph number five is denied.

6.  Paragraph number six is denied.

7.  Paragraph number seven is denied.

8.  Paragraph number eight is denied.

9.  Paragraph number nine is denied.

10. Paragraph number ten is denied.

11. Paragraph number eleven is denied.

12. Paragraph number twelve is denied.

13. The multiple parts of paragraph number thirteen are denied.

14. Paragraph number fourteen is denied.

15. The multiple parts of paragraph number fifteen are denied.

16. Paragraph number sixteen is denied.

17. Paragraph number seventeen is denied.

18. Paragraph number eighteen is denied.

19. Paragraph number nineteen is denied.

20. Paragraph number twenty is denied.

21. Paragraph number twenty-one is denied.

22. Paragraph number twenty-two is denied.

23. Paragraph number twenty-three is denied.

24. Paragraph number twenty-four are denied.

25. Paragraph number twenty-five is denied.

26. Paragraph number twenty-six is denied.

27. Paragraph number twenty-seven is denied.

28. The multiple parts of paragraph number twenty-eight are denied.

29. The multiple parts of paragraph number twenty-nine are denied.

30. The multiple parts of paragraph number thirty are denied.

31. Paragraph number thirty-one is denied.

32. Paragraph number thirty-two is denied.

33. Paragraph number thirty-three are denied.

34. Paragraph number thirty-four is an improper allegation of fact. Paragraph number thirty-four offers no legitimate support to the claims asserted. Insofar as it is necessary to respond further, paragraph number thirty-four is denied.

35. The multiple parts of paragraph number thirty-five are denied.

36. Paragraph number thirty-six is an improper allegation of fact designed to bolster the credibility of the defendant. Paragraph number thirty-six offers no legitimate support to the claims asserted. Insofar as it is necessary to respond further, paragraph number thirty-six is denied.

37. Paragraph number thirty-seven is an improper allegation of fact and is a repeat of paragraph number thirty-four. Paragraph number thirty-seven offers no legitimate support to the claims asserted. Insofar as it is necessary to respond further, paragraph number thirty-seven is denied.

38. Paragraph number thirty-eight is denied.

39. Paragraph number thirty-nine is denied.

40. Paragraph number forty is denied.

41. Paragraph number forty-one is denied.

42. Paragraph number forty-two is denied.

43. Paragraph number forty-three is denied.

44. Paragraph number forty-four is denied.

45. The multiple parts of paragraph number forty-five are denied.

46. Paragraph number forty-six is denied.

**VI.   Avivah DeLabruere v. Jesse Kirby and J. Michael Doyle; Civil Action Number 3:24CV01570-VDO**

**Count I**
**Answer and Response**
**Allegations and Claims of Sexual Assault**
**Jesse Kirby**

47. Paragraph number forty-seven does not require a response.  It is otherwise denied.

48. Paragraph number forty-eight is denied.

49. Paragraph number forty-nine is denied.

50. Paragraph number fifty is denied.

**Count II**
**Answer and Response**
**Allegations and claims of Sexual Assault**
**Jesse Kirby**

51. Paragraph number fifty-one does not require a response.  It is otherwise denied.

52. Paragraph number fifty-two is denied.

53. Paragraph number fifty-three is denied.

54. Paragraph number fifty-four is denied.

**Count III**
**Answer and Response**
**Allegations and claims of Assault and Battery**
**Jesse Kirby**

55. Paragraph number fifty-five does not require a response.  It is otherwise denied.

56. Paragraph number fifty-six is denied.

57. Paragraph number fifty-seven is denied.

58. Paragraph number fifty-eight.

59. Paragraph number fifty-nine.

60. Paragraph number sixty is denied.

## Count IV
**Answer and Response**
**Allegations and claims of Intentional Infliction of Emotional Distress**
**Jesse Kirby**

61. Paragraph number sixty-one does not require a response.  It is otherwise denied.

62. Paragraph number sixty-two is denied.

63. Paragraph number sixty-three is denied.

64. Paragraph number sixty-four is denied.

65. Paragraph number sixty-five is denied.

66. Paragraph number sixty-five is denied.

## Count V
**Answer and Response**
**Allegations and claims of Intentional Infliction of Emotional Distress**
**Jesse Kirby and J. Michael Doyle**

67. Paragraph number sixty-seven does not require a response.  It is otherwise denied.

68. Paragraph number sixty-eight is denied.

69. Paragraph number sixty-nine is denied.

70. Paragraph number seventy is denied.

71. Paragraph number seventy-one is denied.

72. Paragraph number seventy-two is denied.

73. Paragraph number seventy-three is denied.

## Count VI
**Answer and Response**
**Allegations and claims of Infliction of Negligent Emotional Distress**
**Jesse Kirby**

74. Paragraph number seventy-four does not require a response.  It is otherwise denied.

75. Paragraph number seventy-five is denied.

76. Paragraph number seventy-six is denied.

77. Paragraph number seventy-seven is denied.

78. Paragraph number seventy-eight is denied.

79. Paragraph number seventy-nine is denied.

**Count VII**
**Answer and Response**
**Allegations and claims of Negligence Per Se - Sexual Assault**
**Jesse Kirby**

80. Paragraph number eighty does not require a response.  It is otherwise denied.

81. Paragraph number eighty-one is denied.

82. Paragraph number eighty-two is denied.

83. Paragraph number eighty-three does not require a response.  It is otherwise denied.

84. Paragraph number eighty-four is denied.

85. Paragraph number eighty-five is denied.

86. Paragraph number eighty-six is denied.

**Count VIII**
**Answer and Response**
**Allegations and claims of Civil Conspiracy**
**Jesse Kirby and J. Michael Doyle**

87. Paragraph number eighty-seven does not require a response.  It is otherwise denied.

88. Paragraph number eighty-eight is denied.

89. Paragraph number eighty-nine is denied.

90. Paragraph number ninety is denied.

91. Paragraph number ninety-one is denied.

**Count IX**
**Answer and Response**
**Allegations and claims of Aiding and Abetting**
**Jesse Kirby and J. Michael Doyle**

92. Paragraph number ninety-two does not require a response.  It is otherwise denied.

93. Paragraph number ninety-three is denied.

94. Paragraph number ninety-four is denied.

95. Paragraph number ninety-five is denied.

96. Paragraph number ninety-six is denied.

97. Paragraph number ninety-seven is denied.

**Count X**
**Answer and Response**
**Allegations and claims of Obstruction of Justice**
**Jesse Kirby and J. Michael Doyle**

98. Paragraph number ninety-eight does not require a response.  It is otherwise denied.

99. Paragraph number ninety-nine is denied.

100.  Paragraph number one hundred is denied.

101.  Paragraph number one hundred and one is denied.

102.  Paragraph number one hundred and two is denied.

103.  Paragraph number one hundred and three is denied.

**Count XI**
**Answer and Response**
**Allegations and claims of Intimidation of a Witness**
**Jesse Kirby and J. Michael Doyle**

104.  Paragraph number one hundred and four does not require a response.  It is  otherwise

      denied.

105.  Paragraph number one hundred and five is denied.

106.  Paragraph number one hundred and six is denied.

107.  Paragraph number one hundred and seven is denied.

108.  Paragraph number one hundred and eight is denied.

109.  Paragraph number one hundred and nine is denied.

**Count XII**
**Answer and Response**
**Allegations and claims of Invasion of Privacy**
**Jesse Kirby and J. Michael Doyle**

110.  Paragraph number one hundred and ten does not require a response.  It is otherwise denied.

111.  Paragraph number one hundred and eleven is denied.

112.  Paragraph number one hundred and twelve is denied.

113.  Paragraph number one hundred and thirteen is denied.

114.  Paragraph number one hundred and fourteen is denied.

115.  Paragraph number one hundred and fifteen is denied.

**Count XIII**
**Answer and Response**
**Allegations and claims of Negligence Per Se - Threatening (CT Statute)**
**Jesse Kirby and J. Michael Doyle**

116. Paragraph number one hundred and sixteen does not require a response.  It is otherwise denied.

117. Paragraph number one hundred and seventeen alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and seventeen is denied.

118. Paragraph number one hundred and eighteen alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and eighteen is denied.

119. Paragraph number one hundred and nineteen alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and

nineteen is denied.

120. Paragraph number one hundred and twenty alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and twenty is denied.

121. Paragraph number one hundred and twenty-one alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and twenty-one is denied.

122. Paragraph number one hundred and twenty-two alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and twenty-two is denied.

123. Paragraph number one hundred and twenty-three alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and twenty-three is denied.

124. Paragraph number one hundred and twenty-four alleges a violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and twenty-four is denied.

125. Paragraph number one hundred and twenty-five alleges proximate cause as a consequence of violation of a Connecticut state statute that cannot and does not apply to this case. Paragraph number one hundred and twenty-five is denied.

126. Paragraph number one hundred and twenty-six alleges damages flowing from violation of a Connecticut state statute that cannot and does not apply to this case.   Paragraph number one hundred and twenty-six is denied

**Count XIV**
**Answer and Response**
**Allegations and claims of Civil Rights**
**Jesse Kirby and J. Michael Doyle**

127. Paragraph number one hundred and twenty-seven does not require a response. It is otherwise denied.

128. Paragraph number one hundred and twenty-eight is denied.

129. Paragraph number one hundred and twenty-nine is denied.

130. Paragraph number one hundred and thirty is denied.

### Affirmative Defenses to Amended Complaint

1. Avivah DeLabruere fails to state a claim upon which relief may be granted.

2. Avivah DeLabruere 's claims are false, have been filed in bad faith and are offered for the ulterior purpose of causing Mr. Kirby harm.

3. Avivah DeLabruere's claims are wholly insubstantial, frivolous and are not advanced in good faith in violation of G.L. c. 231, §6F.

4. Avivah DeLabruere comes to this Court with unclean hands after attempting to extort $300,000.00 from Mr. Kirby and having committed multiple criminal violations.

5. Avivah DeLabruere comes to this Court with unclean hands having conspired to cause harm and to deprive Mr. Kirby of his rights guaranteed by the Massachusetts Declaration of Rights.

6. Avivah DeLabruere 's claims constitute a fraud on this Court. They are false and fraudulent, manufactured to cause harm, and designed to retaliate against Mr. Kirby for his unwillingness to pay the extortion.

7. Avivah DeLabruere is estopped from asserting any claims or defenses by her unlawful acts and omissions.

8. Avivah DeLabruere 's claims are barred by the statute of limitations.

9. The acts of Avivah DeLabruere, whether or not manipulated or coerced by the defendants Randall Petit and/or Kate Petit, constitute a fraud on Mr. Kirby.

10. The acts of Avivah DeLabruere, in concert with the defendants Randall Petit and/or Kate Petit, constitute a fraud on Mr. Kirby.

11. Avivah DeLabruere 's claims are offered for the ulterior motive of public dissemination in order to force Mr. Kirby to pay extortion.

## Counterclaims

## Parties

1. The Plaintiff-in-Counterclaim is the defendant above captioned Jesse Kirby.

2. The Defendant-in-Counterclaim is the plaintiff above captioned Avivah DeLabruere.

## Statement of Facts

3. Jesse Kirby repeats and realleges all paragraphs of these counterclaims as if more fully set forth herein.

4. Jesse Kirby, Kate Wiseman, and Avivah DeLaBruere are survivors of an oppressive, religious cult, the Twelve Tribes.

5. Kirby escaped the cult with his wife and children and is now part of a close-knit community of other former members.

6. Following his escape, Kirby faced financial hardship while working to build his business.

7. Over time, Kirby grew his business into the largest of its kind inf New England and by around 2015, Mr. Kirby began finding success and financial security.  In his role, Mr. Kirby maintains close relationships with over 200 employees, vendors, suppliers, clients, customers, referrals, and others- all critical to the company's operation and growth.

8. Kirby, Kate Wiseman, and Avivah Delabruere maintained a deep, fifteen-year friendship.

9. All sexual activity between Kirby and DeLabruere was consensual and occurred over several years.

10. All sexual activity between Kirby and Wiseman was consensual and occurred over several years.

11. Wiseman disclosed to Kirby that she obtained permission from her fiancé, Randall Petit, to travel alone with Kirby for extended periods, and Petit himself also confirmed to Kirby that she had this permission.

12. Wiseman asked Kirby not to disclose their sexual relationship to Petit.

13. Kirby agreed not to disclose their sexual relationship to Petit.

14. DeLabruere was aware that Jesse Kirby had achieved some financial success and frequently benefited from Kirby's generosity, including expensive trips, accommodations, and clothing.

15. Between 2016 to 2022, DeLabruere sent unsolicited nude and semi-nude photos of herself to Kirby, typically accompanied by declarations of affection.

16. On or about June 30, 2023, Kirby received a call from Wiseman.

17. In the weeks leading up to the call, Kirby had sensed some distance between Wiseman and himself, and Wiseman had recently skipped a social event at Kirby's home.

18. During the June 30, 2023 call, Wiseman read from a script, with Petit and DeLabruere present, to shift blame for the affair onto Kirby and to prevent him from defending himself. During that call, she:

    a. Stated Petit had learned of the affair;

    b. Falsely accused Kirby of drugging and manipulating her for sex;

    c. Falsely claimed Kirby manipulated her to lie about the affair to Petit;

    d. Falsely claimed Kirby did these same things to other women;

    e. Said she hoped Kirby would kill himself;

f. Claimed to have persuaded Petit to refrain from destroying Jesse Kirby's life, and;

g. Threatened Kirby, "[I]f I ever hear a single word from your filthy mouth about me from anyone, ever again, I will sic Randy on you and we will ruin your life, your reputation, and your family and you will never recover."

19. Upon information and belief, DeLabruere was living with Wiseman and Petit in Maine, including during June 2023 when Wiseman extorted Kirby.

20. While Wiseman, Petit, and DeLabruere lived together, the three regularly shared the details of their lives open with one another. For example. they discussed their joint plans to travel to concerts, as well as more personal matters such as sexual relationships and drug use.

21. Upon information and belief, DeLabruere discussed with Petit and Wiseman how to shift the blame for the affair onto Kirby and extort his silence.

22. DeLabruere was present during Wiseman's June 2023 call to Kirby. Delabruere was part of the conspiracy to extort compliance with Wiseman's demand for Kirby's silence and to extort Kirby to pay $300,000, as communicated explicitly by Delabruere in June 2024.

23. Ten minutes after Wiseman's June 2023 call, Petit texted Kirby, reiterating Wiseman's threats, stating, in part, "I highly suggest you think twice if you ever decide you want to speak negatively about us in the future" and recommending that Kirby read *The Count of Monte Cristo*, a story centered on revenge.

24. In that text Randall Petit disclosed he published the false claims and threats stating:

 "...just yesterday I was down your way sitting with a few of college buddies and we had a solid in depth conversation about this. It gave me a good laugh because we were discussing how you actually believed you fooled me, yet your intentions were so obviously manipulative. I told them how it would be so nice to someday have an opportunity to hear your excuses and explanations for ALL the people you have tried to fuck over through the years in a private face to face conversation. One of them even lent me a book I hadn't read in awhile.

I digress. I love my college buddies- some of these Boston boys have done some really good things over the years. You probably had no idea that I had friends that lived near you..."

"It's incredibly ironic that some of these guys live really close to you, right? You would probably love them- Super intelligent and incredibly observant. Maybe you have even crossed paths with a couple of them?"

"Actually, hmm as a matter of fact, I'm almost certain you have."

"It's amazing what one can learn from them too"

25. In response to Wiseman and Petit's threats to publicly ruin him and hurt his family, Kirby complied with their demands and refrained from speaking their names, effectively surrendering his First Amendment rights for a year.

26. During that time, and as a result of Wiseman and Petit's threats, Kirby suffered intense and debilitating emotional distress and sought medical treatment.

27. As part of the ongoing conspiracy, in or around June 2024, Delabruere sent Kirby text messages stating that it would be in Kirby's best interests to speak with her about a "serious matter"—language that carried an implicit warning and added to the emotional pressure he was experiencing.

28. Delabruere's message was intended to exacerbate Kirby's anxiety and fear in preparation for her unlawful, extortionate demand.

29. On June 4, 2024, Delabruere called Kirby- on speakerphone with Wiseman and Petit- and read from a script.

30. Despite Kirby's prior compliance with Wiseman's prior extortionate demand for his silence, DeLabruere demanded $300,000 by July 1, 2024 and threatened Kirby, including:

    a. If Kirby did not agree to her extortion, she will destroy his life and his reputation.

    b. If Kirby did not agree to her extortion, "what she would do to him will be so extremely harmful he will be destroyed."

    c.   She had been advised to not give him the details of what she was going to do to destroy him.

    d.   She repeated he had a choice to either pay the $300,000.00 Dollar extortion by July 1, 2023 or be destroyed.

    e.   She demanded he tell her if he agreed to her terms.

    f.   When Kirby said he needed more time to decide, she replied in anger - how much time, an hour?

    g.   When Kirby responded he needed more time, she asked exactly how much time he needed and insisted that it only required a yes or a no.

    h.   When Jesse Kirby stated he needed a week, she agreed to give him until the end of the week.

31. On or about June 7, 2024, at 11:20 am, Delabruere texted Kirby, reminding him of the July 1 deadline and said he should be "grateful" she had given him a deadline since "the alternative plan does not involve a date." When Kirby asked for assurance that his compliance would end the matter, Delabruere replied that Kirby had her "word and promise," and threatened that the consequences of the alternative would be far more damaging to his name and his family.

32. Realizing the demand could constitute unlawful extortion, Delabruere attempted to reframe it as a "settlement."

33. On or about June 14, 2024, at 12:31 pm, Avivah DeLabruere texted Jesse Kirby again, asking for an update on the $300,000 payment.

34. On or about June 18, 2024, a private investigator spoke to Avivah DeLabruere and discussed the extortionate demand of 300,000.00 Dollars with her.

35. In a subsequent phone call with the investigator, Delabruere admitted the extortion, asked the investigator not to involve law enforcement, and agreed to cease contact with Kirby. The investigator asked her to identify her co-conspirators.

36. On or about July 19, 2024, Kirby received an email from Wiseman reacting to Delabruere's report to Wiseman that she had spoken to the private investigator. In that email, Wiseman retaliated against Kirby, stating they had made clear that there would be consequences of he did not comply with their extortionate demand to not mention their names ("you violated my one request of you…to keep our names out of your mouth"). Wiseman implied that she and Petit now intended to destroy Kirby, accusing him of "drug[ging] and rap[ing] women for your own gain," violating "many laws, telling Kirby how "dumb" he was," and repeating her threat, "I told you what would happen if you didn't honor my one request."

37. At all relevant times, either individually or in concert and in agreement, Avivah DeLabruere extorted compliance with her and her co-conspirator's demands, with an absolute disregard for the harm she caused, and employed the following violations of criminal law:

    a. Part IV, Title I, Chapter 274, Section 7, part Second, to wit: <u>criminal conspiracy</u>

    b. Part IV, Title I, Chapter 274, Section 6, to wit: <u>attempt to commit the crime of money laundering</u>.

    c. Part IV, Title I, Chapter 274, Section 6, to wit: <u>attempt to commit the crime of larceny.</u>

    d. Part IV, Title I, Chapter 265, Section 25, to wit: <u>attempted extortion</u>.

    e. Part IV, Title I, Chapter 265, Section 43A, to wit; <u>criminal harassment</u>.

    f. Part IV, Title I, Chapter 269, Section 14A, to wit: <u>annoying telephone calls</u> and <u>electronic communication</u>.

    g. Part IV, Title I, Chapter 272, Section 99, to wit: <u>unlawful interception of wire and oral communication</u>.

    h. Part IV, Title I, Chapter 265, Section 25, to wit: <u>extortion.</u>

    i. Part I, Title 2, Chapter 12, Section 11I et seq, to wit: <u>interference with the exercise of constitutionally protected rights.</u>

38. The defendant-in-counterclaim Avivah DeLabruere acts and omissions were committed either individually or in concert with Kate Wiseman and Randall Petit.

### Count 1
**Conspiracy**

39. The Plaintiff repeats and realleges all paragraphs of these counterclaims as if more fully set forth herein.

40. The defendant-in-counterclaim Avivah DeLabruere in concert with Kate Wiseman and Randall Petit joined and agreed to conspire to commit the above referenced offenses in furtherance of the conspiracy against Jesse Kirby.

41. The defendant-in-counterclaim Avivah DeLabruere in concert with Kate Wiseman and Randall Petit committed the above referenced offenses in furtherance of the conspiracy against Jesse Kirby.

42. The purpose of the conspiracy was to extort compliance with and to:

a. Interfere and prohibit the free exercise of Jesse Kirby 's freedom of speech and other constitutionally protected rights, and;

b. Extort Three Hundred Thousand ($300,000.00) Dollars from Jesse Kirby.

43. The defendant-in-counterclaim Avivah DeLabruere in concert with Kate Wiseman and Randall Petit committed the above referenced offenses in furtherance of the conspiracy and continue to commit offenses in furtherance of the conspiracy.

44. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the defendant-in-counterclaim Avivah DeLabruere, attorney fees, costs, and disbursements.

Any further relief this Court deems fair and just.

### Count 2
**Negligence**

45. The defendant-in-counterclaim Avivah DeLabruere owed a duty not to inflict emotional distress on Jesse Kirby by conspiring to extort compliance with their demands.

46. The defendant-in-counterclaim Avivah DeLabruere failed to use a degree of care which a reasonably prudent person would exercise in communication or interaction with another.

47. The defendant-in-counterclaim Avivah DeLabruere failed to exercise a level of attention and forethought that a reasonably careful person, a person of ordinary caution and prudence, would exercise to avoid harming Jesse Kirby.

48. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere breached that duty of care owed Jesse Kirby.

49. The defendant-in-counterclaim Avivah DeLabruere committed negligence against Jesse Kirby.

50. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the defendant-in-counterclaim Avivah DeLabruere, attorney fees, costs, and disbursements.

Any further relief this Court deems fair and just.

**Count 3**
**Gross Negligence**

51. The defendant-in-counterclaim Avivah DeLabruere owed a duty not to inflict emotional distress on Jesse Kirby by conspiring to extort compliance with their demands.

52. The defendant-in-counterclaim Avivah DeLabruere failed to use a degree of care which a reasonably prudent person would exercise in communication or interaction with another.

53. The defendant-in-counterclaim Avivah DeLabruere failed to exercise a level of attention and forethought that a reasonably careful person, a person of ordinary caution and prudence, would exercise to avoid harming Jesse Kirby.

54. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere breached that duty of care owed Jesse Kirby.

55. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere were willful, reckless, intentional, and malicious.

56. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere were so significant in planning and execution that it would shock the conscious of the community.

57. The defendant-in-counterclaim Avivah DeLabruere committed gross negligence against Jesse Kirby.

58. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

    WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the defendant-in-counterclaim Avivah DeLabruere, jointly and severally, attorney fees, costs, and disbursements.

    Any further relief this Court deems fair and just.

## Count 4
### Infliction of Emotional Distress

59. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere were intentional.

60. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere were negligent.

61. It was foreseeable that the acts and conduct of the defendant-in-counterclaim Avivah DeLabruere would cause severe and debilitating emotional distress.

62. The defendant-in-counterclaim Avivah DeLabruere failed to exercise reasonable care so as not to cause the infliction of emotional distress on Jesse Kirby.

63. The emotional distress inflicted on Jesse Kirby caused him to suffer emotional and physical injury.

64. The defendant-in-counterclaim Avivah DeLabruere planned, orchestrated, executed, and intentionally inflicted severe and/or debilitating emotional distress and/or injury on Jesse Kirby.

65. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the defendant-in-counterclaim Avivah DeLabruere, jointly and severally, attorney fees, costs, and disbursements.

Any further relief this Court deems fair and just.

## Count 5
### Extortion
### Attempted Extortion
### Attempted Larceny

66. The acts and conduct of the defendant-in-counterclaim Avivah DeLabruere, individually and/or jointly and in concert, were intended to substantially interfere with Jesse Kirby 's exercise of his constitutional rights.

67. The Jesse Kirby complied with the defendant-in-counterclaim Avivah DeLabruere's extortionate demand and did not address the defendant-in-counterclaim Avivah DeLabruere in any manner or speech.

68. These acts and conduct constituted extortion, punishable by the laws and statutes of the Commonwealth of Massachusetts.

69. The deprivation of Jesse Kirby 's constitutional right to free speech is actionable by the Office of the Attorney General of the Commonwealth of Massachusetts.

70. The Commonwealth of Massachusetts provides a private right of action for the deprivation of civil rights.

71. The extortionate demand that Jesse Kirby pay the defendant-in-counterclaim Avivah DeLabruere the amount of Three Hundred Thousand ($300,000.00) Dollars or suffer the destruction of his life and his business constitutes an attempted extortion and attempted larceny punishable under the laws of the Commonwealth of Massachusetts and the Department of Justice and presents an actionable tort for the harm the extortionate and larcenous demand caused.

72. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the defendant-in-counterclaim Avivah DeLabruere, jointly and severally, attorney fees, costs, and disbursements.

Any further relief this Court deems fair and just.

### Count 6
**Defamation**

73.  The threats, claims and allegations uttered by the defendant-in-counterclaim Avivah DeLabruere against Jesse Kirby were false and malicious.

74. The threats, claims and allegations were intentionally uttered and published by the defendant-in-counterclaim Avivah DeLabruere.

75. The defendant-in-counterclaim Avivah DeLabruere knew or should have known the threats, claims and allegations uttered by the defendant-in-counterclaim Avivah DeLabruere against Jesse Kirby were false, libelous, and slanderous.

76. The threats and claims by the defendant-in-counterclaim Avivah DeLabruere that alleged violations of criminal law by Jesse Kirby are presumed to be false, are false, and were uttered with the intent to cause the Plaintiff harm.

77. The threats, claims and allegations uttered by the defendant-in-counterclaim Avivah DeLabruere were published among the defendant-in-counterclaim Avivah DeLabruere, Kate Wiseman, and Randall Petit and others, the three Defendants and to others, including other persons know to Randall Petit.

78. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the defendant-in-counterclaim Avivah DeLabruere, jointly and severally, attorney fees, costs, and disbursements.

Any further relief this Court deems fair and just.

### Count 7
### Coercion/Harassment

79. The acts and conduct of the Defendants constitute a pattern of contact intended to cause injury on Jesse Kirby.

80. The acts and conduct of the Defendants and the pattern of those acts and conduct constitute harassment and coercion.

81. The harassment and coercion inflicted on Jesse Kirby caused severe and debilitating emotional distress.

82. The Defendants intended to inflict severe and debilitating emotional distress on Jesse Kirby by their continued and repeated harassment and coercion.

83. As a direct and proximate result, Jesse Kirby has suffered and continues to suffer severe emotional distress, has and continues to seek medical care and treatment at great expense and personal sacrifice, has and continues to suffer other financial loss and economic damage, and has been restrained in the free exercise of his constitutional rights.

WHEREFORE, Jesse Kirby demands compensatory and punitive damages and equitable relief against and from the Defendants Randall Petit, Kate Petit, and Avivah DeLabruere, jointly and severally, attorney fees, costs, and disbursements.

Any further relief this Court deems fair and just.

### Prayers for Relief

1. This Court enter judgment and award against the defendant-in-counterclaim Avivah DeLabruere.

2. This Court require and compel the defendant-in-counterclaim Avivah DeLabruere to post a bond to provide security for the judgement and award.

3. That the Court immediately issue preliminary injunctive relief prohibiting the defendant-in-counterclaim Avivah DeLabruere from intentionally committing acts or speech intended to cause harm Jesse Kirby's life and business as they have threatened.

4. That this court permanently restrain the defendant-in-counterclaim Avivah DeLabruere from intentionally committing acts or speech intended to cause harm to Jesse Kirby's life and business as they have threatened.

5. Strike all surplusage and inflammatory language form the Compiled Complaint and Counterclaim.

6. Dismiss all claims based on Connecticut state law or statutes.

7. Any and all other relief this Court deems fair and just.

8. Jesse Kirby demands trial by jury on all issues properly so tried.

**VII.   Jesse Kirby v. Avivah DeLaBruere, Randall Petit, Kate Wiseman**
**Civil Action Number 1:2024CV12015**

**Response to Amended Counterclaims**

**First Counterclaim**

1. Paragraph number one does not require a response.  It is otherwise denied.

2. Paragraph number two is denied.

3. Paragraph number three is denied.

4. Paragraph number four is denied.

5. Paragraph number five is denied.

**Second Counterclaim**

6. Paragraph number six does not require a response.  It is otherwise denied.

7. Paragraph number seven is denied.

8.  Paragraph number eight is denied.

### Third Counterclaim

9.  Paragraph number nine does not require a response.  It is otherwise denied.

10. Paragraph number ten is denied.

11. Paragraph number eleven is denied.

### Fourth Counterclaim

12. Paragraph number twelve is denied.

13. Paragraph number thirteen is denied.

14. Paragraph number fourteen is denied.

### Fifth Counterclaim

15. Paragraph number fifteen is denied.

16. Paragraph number sixteen is denied.

17. Paragraph number seventeen is denied.

### Sixth Counterclaim

18. Paragraph number eighteen is denied.

19. Paragraph number nineteen is denied.

20. Paragraph number twenty is denied.


21. Paragraph number twenty-one is denied.

22. Paragraph number twenty-two is denied.

23. Paragraph number twenty-three is denied.

### Demands for Relief

The Plaintiff Jesse Kirby requests this Court deny the defendant Avivah DeLabruere's demands for relief.

**Affirmative Defenses to Amended Counterclaims**

1. Avivah DeLabruere fails to state a claim upon which relief may be granted.

2. Avivah DeLabruere 's counterclaims are false, have been filed in bad faith and are offered for the ulterior purpose of causing Mr. Kirby harm.

3. Avivah DeLabruere's counterclaims are wholly insubstantial, frivolous and are not advanced in good faith in violation of G.L. c. 231, §6F.

4. Avivah DeLabruere comes to this Court with unclean hands after attempting to extort $300,000.00 from Mr. Kirby and having committed multiple criminal violations.

5. Avivah DeLabruere comes to this Court with unclean hands having conspired to cause harm and to deprive Mr. Kirby of his rights guaranteed by the Massachusetts Declaration of Rights.

6. Avivah DeLabruere 's counterclaims constitute a fraud on this Court.  They are false and fraudulent, manufactured to cause harm, and designed to retaliate against Mr. Kirby for his unwillingness to pay the extortion.

7. Avivah DeLabruere is estopped from asserting any counterclaims or defenses by her unlawful acts and omissions.

8. Avivah DeLabruere 's counterclaims are barred by the statute of limitations.

9. The acts of Avivah DeLabruere, whether or not manipulated or coerced by the defendants Randall Petit and/or Kate Petit, constitute a fraud on Mr. Kirby.

10. The acts of Avivah DeLabruere, in concert with the defendants Randall Petit and/or Kate Petit, constitute a fraud on Mr. Kirby.

11. Avivah DeLabruere 's counterclaims are offered for the ulterior motive of public dissemination in order to force Mr. Kirby to pay extortion.

Respectfully Submitted,

The Plaintiff
**Jesse Kirby**,
By his Counsels,

| | |
|---|---|
| _/s Joseph J. Balliro, Jr._ | _/s Claudia Lagos, Esquire_ |
| Joseph J. Balliro, Jr., Esquire | Scully & Lagos |
| Balliro & Balliro | 10 Post Office Sq. |
| Law Offices of Joseph J. Balliro, Jr. | Suite 1330 |
| 300 Salem Street | Boston, Massachusetts 02109 |
| Wilmington, Massachusetts 01887 | BBO# 681504 |
| BBO# 550194 | (617) 307-5055 |
| (617) 823-2576 | (617) 407-0325 |
| joeballirojr@gmail.com | clagos@scullylagos.com |

### Certificate of Service

I, Joseph J. Balliro, Jr., hereby certify, under oath, that I served the foregoing by ECF to all counsel on April 9, 2025.

_/s Joseph J.Balliro_